IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 99-20735

———————————

**ISMENIA R. DAVID,**

**Plaintiff-Appellant,**

**versus**

**DAVE & BUSTER'S Inc.,**

**Defendant-Appellee.**

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-3403
--------------------
July 11, 2000

Before POLITZ, JONES & STEWART, Circuit Judges.

PER CURIAM:[*]

Ismenia R. David appeals the district court's grant of summary judgment for Dave & Buster's. Her appeal is limited to her claim that Dave & Buster's violated section 510 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1140, by firing her to prevent her from exercising rights under Dave & Buster's ERISA plan. The parties join issue over whether back pay is an equitable remedy available under ERISA § 502(a)(3)(29 U.S.C. § 1132(a)(3)) or whether it is a form of extracontractual or compensatory relief of the sort we have previously held to be

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unavailable in ERISA cases.  See Corcoran v. United HealthCare, Inc., 965 F.2d 1321, 1334-35 (5th Cir. 1992); Medina v. Anthem Life Ins. Co., 983 F.2d 29, 32 (5th Cir. 1993); Rogers v. Hartford Life and Acc. Ins. Co., 167 F.3d 933, 944 (5th Cir. 1999).  But see Schwartz v. Gregori, 45 F.3d 1017 (6th Cir. 1995).

We pretermit the issue.  David has waived any challenge to the district court's conclusion that she was not entitled to plan benefits by failing to appeal the district court's summary-judgment determination that she had a preexisting condition which was not covered by Dave & Buster's's ERISA plan.  Dave & Buster's could not, as a matter of law, have interfered with a benefit to which David had no entitlement.  See Perdue v. Burger King Corp., 7 F.3d 1251, 1255 (5th Cir. 1993); see also Wolf v. Coca-Cola Co., 200 F.3d 1337, 1340-41 (11th Cir. 2000).

**AFFIRMED ON ALTERNATE GROUNDS.**